IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,     *

    Plaintiff     *

    v.     *     CRIMINAL NO.: WDQ-10-0614

JIN HO KIM,     *

    Defendant.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Jin Ho Kim pled guilty to making a false statement on his 2009 tax return, in violation of 26 U.S.C. § 7206(1). He was sentenced on April 19, 2012. For the following reasons, Kim's state sales and income tax evasion are relevant conduct that the Court was required to consider in determining the base offense level under U.S.S.G. §2T1.1 and §2T4.1.

I.     Background[1]

Jin Ho Kim, owner of Kim's RP Liquors, Inc., understated his gross income on his federal 1040 tax return form for the years 2006 through 2009. ECF No. 22 at 4. At his rearraignment, he agreed that he had understated his gross income as follows:

- In 2006, he failed to report $163,610.69 in income

---

[1] The defendant agreed to the facts in the plea agreement. ECF No. 22.

- In 2007, he failed to report $180,561.80 in income
- In 2008, he failed to report $248,046.23 in income
- In 2009, he failed to report $252,267.69 in income.

His total understatement of income for the four years was $844,486.41. *Id.*

On April 1, 2011, Kim waived his right to indictment and pled guilty to knowingly underreporting his gross sales or receipts on his 2009 federal income tax form in the amount of $252,267.69. ECF Nos. 17-27.

The parties agreed that a total understatement of $844,486.41 "would yield an estimated tax loss in excess of $200,000,"[2] providing a base offense level of 18 under U.S.S.G. §2T1.1 and §2T4.1. *Id.* Kim reserved the right "to demonstrate, by a preponderance of the evidence at the time of sentencing, that the tax loss was less than $200,000 based on a more accurate" calculation, as provided in U.S.S.G. §2T1.1(c)(1) Note (A) (Tax loss is 28% of unreported gross income unless a more accurate determination of tax loss can be made). ECF No. 22 at 4.

On September 8, 2011, Kim filed a sentencing memorandum arguing that a more accurate calculation showed that the tax

---

[2] The estimated tax loss, 28% of the $844,486.41 in unreported income, would have been $236,456.19.

loss was less than $200,000. ECF No. 28 at 1. The government disagreed. ECF No. 30.

II. The State Tax Loss is Relevant Conduct

The government contended that the tax loss includes unpaid state income and sales tax, establishing a total loss of more than $200,000 but less than $400,000,[3] and providing a base offense level of 18 and a total offense level of 15. ECF No. 30 at 1-2.

Kim "acknowledge[d] the relationship between [his] federal and state income tax liabilities" but asked the Court to "exclude state sales tax liabilities from the tax loss in this case." ECF No. 33 at 6. Under §2T1.1, this would have resulted in a tax loss of $180,316, providing a base offense level of 16, a total offense level of 13, and an advisory guidelines range of 12 to 18 months imprisonment.

Under U.S.S.G. §1B1.3, the Court "shall" determine the base offense level on the basis of all relevant conduct attributable to the defendant. See also United States v. Baucom, 486 F.3d 822, 829 (4th Cir. 2007) ("Baucom I") (district court must include relevant conduct in calculating advisory guidelines range, and state tax losses are relevant conduct to a federal tax offense when the defendants "failed to file state tax

---

[3] The government contended that the federal tax loss is $155,091, Maryland income tax loss is $25,225, and Maryland sales tax loss is $47,227, ECF No. 30 at 2, totaling $227,543.

returns as part of the same course of conduct for which they were convicted"), *rev'd on other grounds* (in light of *Gall v. United States*, 552 U.S. 38 (2007)) *sub nom United States v. Davis*, 552 U.S. 1092 (2007).

No aggravating factors are necessary to include relevant conduct in the guidelines determination. Instead, failure to consider "the tax . . . losses flowing from the offense of conviction and all relevant conduct" in determining the tax loss is reversible error. *United States v. Baucom*, 360 F. App'x 457, 462 (4th Cir. 2010) ("*Baucom II*").

In *Baucom II*, the defendants, Baucom and Davis, were convicted after trial of "conspiring to violate the tax laws beginning in 1993 and continuing through the date of the indictment-December 2002." *Id*. The District Court refused to include any state tax loss because he thought including it in the federal proceeding would be unfair. *Id*. at 459.

The Fourth Circuit concluded that, based on the conviction, "[t]he tax losses, both state and federal, for the years 1998-2002 are . . . part of the relevant conduct for the offense of conviction." *Id*. It held that failure to include that relevant conduct was error and reversed the District Court, remanding for resentencing. *Id*.[4]

---

[4] The circuit court relied on §2T1.1 commentary, Application Note 2: "In determining the total tax loss attributable to the

Whether conduct is "relevant conduct" under U.S.S.G. §1B1.3 is a question of law, not a discretionary determination. *See Baucom I*, 486 F.3d at 829.

Conduct is part of the "same course of conduct" or a "common scheme or plan"--and must be considered as relevant conduct--if it is "substantially connected to [the offense of conviction] by at least one common factor, such as common victims . . . common purpose, or similar *modus operandi*." U.S.S.G. §1B1.3 cmt. n.9.

Failure to comply with state tax law is "particularly relevant criminal conduct" in a federal tax evasion case because the victims--the state and federal governments--are similar, as is the purpose--tax evasion--and the *modus operandi*--reporting only a portion of gross sales or receipts. *See McElroy*, 587

---

offense (*see* §1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme unless the evidence demonstrates that the conduct is clearly unrelated." It concluded that the state tax losses "were clearly relevant conduct" and the District Court had no discretion to exclude the amounts from the tax loss calculation. *Id.* at 464.

Other circuits have used discretionary language, stating that "state tax evasion, when proven to be sufficiently similar to the convicted crime, . . . may be included . . . in the total loss calculation." *E.g. United States v. McElroy*, 587 F.3d 73, 88 (1st Cir. 2009). However, the First Circuit also noted that "[t]he plain language of Application Note 2 *requires* that a sentencing court factor relevant conduct into a total tax loss calculation . . . . [N]o ambiguity exists as to whether relevant conduct is to be considered in calculating §2T1.1 tax losses." *Id.* (emphasis added).

F.3d at 88-89 (analyzing front business that falsified tax filings).

State income and sales tax losses were part of the "same course of conduct" as the federal tax evasion here. The state government is the victim for those losses, as in *McElroy*, the purpose--avoiding payment of taxes--is the same as in the federal offense, and the *modus operandi* is very similar.[5] *See United States v. Maken*, 510 F.3d 654, 658 (6th Cir. 2007) (filing false tax returns and providing false information to taxing authorities were part of the same *modus operandi*).

The tax loss in this case, including all relevant conduct, was more than $200,000.

III. Conclusion

For the reasons stated above, the Court concluded that the guidelines tax loss was over $200,000 but not more than $400,000. Kim's base offense level was 18, his total offense level was 15.

_April 19, 2012_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[5] Kim highlighted several differences between Maryland's sales and income tax reporting rules. ECF No. 33 at 5. He noted that sales tax must be reported monthly rather than annually, and excludes some receipts that are included in "gross receipts." *Id.* These distinctions are *de minimus*. As with income tax reporting, the act, purpose, and victims were sufficiently similar to the offense of conviction that the sales tax loss should be considered relevant conduct. *See Maken*, 510 F.3d at 658.